**In re ESTATE OF Cornelius Theodore RIDLEY.**

Supreme Court of Tennessee, at Nashville.

June 4, 2008 Session.

Oct. 29, 2008.

**38**

Melvin L. Raymond, St. Louis, Missouri, and Eva Lemeh, Nashville, Tennessee, for the appellee, William Keith Ridley.

Mary C. LaGrone, Nashville, Tennessee, for the appellant, Carolyn Fludd Ridley.

## OPINION

JANICE M. HOLDER, C.J., delivered the opinion of the Court, in which WILLIAM M. BARKER, CORNELIA A. CLARK and GARY R. WADE, JJ., and FRANK F. DROWOTA, III, SP. J., joined.

The issues in this appeal are whether the probate court's order construing the decedent's will was a final judgment and, if so, whether the appellee's notice of appeal was timely. We hold that the order con-

struing the will was a final judgment and that the appellee's notice of appeal was not timely. Consequently, we reverse the judgment of the Court of Appeals and dismiss the appeal.

### Summary of Facts and Proceedings Below

The appellant, Carolyn Ridley, is the surviving spouse of Cornelius Theodore Ridley, who died on June 13, 2003. The marriage between Cornelius and Carolyn Ridley was Cornelius Ridley's second marriage. In addition to his wife, Carolyn Ridley, Cornelius Ridley was survived by two children from his first marriage, William Keith Ridley, the appellee, and Constance Ridley Smith.[1] Carolyn Ridley also has a child from a previous marriage, Karen Elizabeth (Bennett) Moore.

Cornelius Ridley executed a will on June 1, 1988. After his death, Carolyn Ridley submitted the will to probate and was appointed executrix of the estate. In March 2004, Carolyn Ridley filed a petition asking the probate court to construe her husband's will. The probate court entered an order construing the will on September 17, 2004. At issue in this case is whether that order was a final judgment thereby making William Keith Ridley's notice of appeal filed on May 24, 2006, untimely. The following facts are relevant to this determination.

The probate court held a hearing in September 2004 to address three matters related to the estate: (1) Carolyn Ridley's petition to construe the will; (2) a petition filed by Carolyn Ridley in her individual capacity to set aside a quitclaim deed she had signed; (3) and a claim filed by Carolyn Ridley in her individual capacity against the estate, seeking payment for

1. Constance Ridley Smith was a party to this lawsuit in the probate court, but she did not appeal. We therefore refer only to William Keith Ridley in setting out the summary of the facts and proceedings below.

medical and funeral expenses. Carolyn Ridley orally withdrew her claim for medical and funeral expenses after the court's ruling from the bench concerning the construction of the will.

On September 17, 2004, the probate court entered an order construing the will to grant Carolyn Ridley a life estate in the Ridleys' home on Setters Road and to grant the remainder interest in the property to Cornelius and Carolyn Ridley's respective children. The order also set aside the quitclaim deed. Subsequent to this order, William Keith Ridley filed a "Motion to Alter or Amend" the judgment, arguing that the probate court erred in its construction of the will and in setting aside the quitclaim deed. On December 6, 2004, the probate court entered an order denying the "Motion to Alter or Amend."

Thereafter, Carolyn Ridley, as executrix of the estate, filed a final accounting. On December 5, 2005, William Keith Ridley filed an "Objection to Closing Estate" asking that "this estate not be closed pending an appeal of the Court's ruling construing the Will and setting aside the Deed transferring any interest in the real estate located on Setters Road."

William Keith Ridley filed a "Motion to Set Aside Order Setting Aside Quitclaim Deed and for New Hearing on the Merits" ("Motion to Set Aside") on January 13, 2006. Carolyn Ridley filed a response in opposition to this motion and requested that the probate court award her attorney's fees for responding. On May 15, 2006, the probate court entered an order denying William Keith Ridley's "Motion to Set Aside." The probate court ruled that "[t]he time for appeal from the order entered December 7[sic], 2004, has run and Movant Keith Ridley did not avail himself of his proper procedural remedies[.]" The probate court awarded $750 in attorney's fees to the estate for defending the motion as well as $850 in attorney's fees to Carolyn Ridley, individually.

On May 24, 2006, William Keith Ridley filed a notice of appeal. The notice stated that he was appealing the probate court's May 15, 2006, order denying his "Motion to Set Aside." In the Court of Appeals, Carolyn Ridley filed a motion to dismiss the appeal. The motion asserted that William Keith Ridley's notice of appeal was not timely because it was not filed within thirty days of the probate court's December 6, 2004, order denying his "Motion to Alter or Amend."

William Keith Ridley responded that the September 17, 2004, order was not final because it did not resolve all the claims between the parties and that the time for filing his notice of appeal did not begin to run until all claims were resolved and the estate was closed. The Court of Appeals denied Carolyn Ridley's motion to dismiss the appeal.

After her motion to dismiss was denied, Carolyn Ridley raised the timeliness of the notice of appeal in her brief filed in the Court of Appeals. The Court of Appeals rejected her argument again and proceeded to address the construction of the will. The Court of Appeals concluded that the will did not grant Carolyn Ridley a life estate in the Ridleys' home on Setters Road.

The Court of Appeals therefore reversed the probate court's construction of the will. Based on its holding, the Court of Appeals vacated the probate court's award of attorney's fees and remanded with instructions that the probate court calculate an appropriate attorney's fee "apportioned only to the motion to set aside the trial court's prior decision as to the quitclaim deed."

Carolyn Ridley appealed to this Court. She raises the issue of whether the Court of Appeals erred in finding that William

Keith Ridley's notice of appeal was timely. In the alternative, she asserts that the Court of Appeals erred in its resolution of the will-construction and attorney's-fees issues. We granted her application for permission to appeal to address the timeliness of the notice of appeal, and we reverse the judgment of the Court of Appeals. Given our disposition of this issue, the two alternative issues are pretermitted.

## Analysis

■ The dispositive question before this Court is whether the probate court's September 17, 2004, order was a final judgment. If so, then William Keith Ridley was required to file his notice of appeal within thirty days following the probate court's December 6, 2004, order denying his "Motion to Alter or Amend."

We begin our analysis by considering Rule 3(a) of the Tennessee Rules of Appellate Procedure, which provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

■ Under Rule 3(a), only a "final judgment" in a civil action is "appealable as of right." *In Re Estate of Henderson,* 121 S.W.3d 643, 645–46 (Tenn.2003). The Court of Appeals, however, stated in its order:

> We agree with the appellee [Carolyn Ridley] that the September 17, 2006[sic] order was *appealable as of right.* However, we view the right to appeal such orders as permissive rather than mandatory, i.e., the right to an immediate appeal of an *otherwise interlocutory order* does not preclude a party from challenging the order in an appeal filed following the entry of a final judgment.

(emphasis added) (citations omitted.) By stating that the September 17, 2004, order was "appealable as of right[,]" the Court of Appeals necessarily concluded that the September 17, 2004, order was a final judgment. This conclusion is inconsistent with the court's subsequent description of the order as "an otherwise interlocutory order." By definition, an "interlocutory order" cannot be a "final judgment."

■ We first turn to the question of whether the probate court's September 17, 2004, order was a final judgment. As this Court has stated, "[a] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *Estate of Henderson,* 121 S.W.3d at 645 (quoting *State ex rel. McAllister v. Goode,* 968 S.W.2d 834, 840 (Tenn.Ct.App. 1997)); *see also Saunders v. Metro. Gov't of Nashville & Davidson County,* 214 Tenn. 703, 383 S.W.2d 28, 31 (1964). Therefore, the September 17, 2004, order was a final judgment if it adjudicated all the claims raised in the pleadings and the rights and liabilities of all the parties.[2]

**2.** Rule 54.02 provides:
> When more than one claim for relief is present in an action ... or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a

final judgment as to one or more *but fewer than all* of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the

This determination requires us to compare the probate court's September 17, 2004, order to the claims raised by the parties in the following pleadings: (1) the "Petition to Set Aside Quitclaim Deed" filed by Carolyn Ridley in her individual capacity; (2) the "Answer to Petition to Set Aside Quitclaim Deed" filed by William Keith Ridley and Constance Ridley Smith; (3) the "Petition to Construe Last Will and Testament" filed by Carolyn Ridley in her capacity as executrix; (4) the "Answer to Petition to Construe Last Will and Testament" filed by William Keith Ridley and Constance Ridley Smith; (5) the "Answer of Carolyn Ridley, In Her Individual Capacity, to Petition to Construe Will"; (6) the "Answer of Karen Elizabeth (Bennett) Moore to Petition to Construe Will"; (7) Carolyn Ridley's claim for medical and funeral expenses; and (8) the "Exception to [Carolyn Ridley's] Claim" filed by William Keith Ridley and Constance Ridley Smith.

Having made this comparison, it is clear that the September 17, 2004, order adjudicated all the claims and the rights and liabilities of all the parties and was therefore a final judgment. As a result, William Keith Ridley was required to file his notice of appeal within thirty days of that judgment pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure or, in the alternative, to file a motion to alter or amend pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure.[3] He chose to file a motion to alter or amend. Therefore, the December 6, 2004, order denying the motion to alter or amend commenced the thirty-day period in which the notice of appeal could be filed.

William Keith Ridley did not file his notice of appeal until May 24, 2006, roughly seventeen and a half months after the denial of his "Motion to Alter or Amend." His notice of appeal was therefore untimely. Accordingly, the Court of Appeals erred in denying Carolyn Ridley's motion to dismiss the appeal.

■ William Keith Ridley's "Motion to Set Aside," filed on January 13, 2006, and denied by the probate court in an order dated May 15, 2006, cannot be viewed as extending the time in which to file a notice of appeal. Rule 59.01 of the Tennessee Rules of Civil Procedure expressly provides:

[t]hese motions [listed in Rule 59.01 and including a motion to alter or amend the judgment] are the only motions contemplated in these rules for extending the time for taking steps in the regular appellate process. *Motions to reconsider any of these motions are not authorized and will not operate to extend the time for appellate proceedings.*

---

absence of such determination and direction, any order ... that adjudicates *fewer than all the claims or the rights and liabilities of fewer than all the parties* shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Tenn. R. Civ. P. 54.02 (2007) (emphasis added.)

3. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that "[i]n an appeal as of right to the ... Court of Appeals ..., the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" Rule 4(b), however, goes on to provide that "if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party ... (4) under Rule 59.04 to alter or amend the judgment[,]" the time for filing the notice of appeal shall run from the entry of the order granting or denying that motion.

(emphasis added.) In our view, William Keith Ridley's "Motion to Set Aside" was a "motion to reconsider" the probate court's earlier denial of his "Motion to Alter or Amend."

■ While our conclusions are based on a comparison of the probate court's order and the pleadings contained in the record, these conclusions are buttressed by considering the broader context of the issue. We note that petitions for construction or interpretation of wills may be filed either in probate court or in chancery court. *See* Tenn.Code Ann. § 32–3–109 (2007); *see also,* Jack W. Robinson Sr., Jeffrey Mobley & Andra J. Hedrick, 1 *Pritchard on Wills and Administration of Estates* § 402 (6th ed. 2007) ("Jurisdiction over suits for construction"). If this case had been filed in chancery court, it would be beyond dispute that the September 17, 2004, order was a final judgment because there would have been no other remaining claims before the court. Therefore, the Court of Appeals' holding in the pending case would result in the application of two different rules in will-construction suits: an appeal from a chancery court judgment would have to be filed within thirty days of the trial court's final judgment construing the will while an appeal from a probate court judgment could be filed upon the closing of the estate. In our view, having two different rules depending on the court in which the suit is filed would be problematic.

■ Moreover, allowing an appeal of a will-construction suit to await the closing of the estate could present significant challenges to probate courts and executors and impose substantial burdens on the beneficiaries of estates. If the probate court's construction of a will is appealed upon the closing of the estate and that court's con-

struction of the will is later reversed by an appellate court, the distributed assets could be difficult to recover and redistribute in accordance with the appellate court's new construction of the will. For that reason, the appeal of a will-construction suit should be initiated within thirty days of the trial court's judgment construing the will. This holding will permit a resolution on appeal of the will-construction issues prior to the closing of the estate and to distribution of the estate's assets.

## Conclusion

For the reasons stated above, we hold that the probate court's order filed on September 17, 2004, was a final judgment and that William Keith Ridley's *notice of appeal filed on May 24, 2006, was untimely.* Accordingly, we reverse the judgment of the Court of Appeals and dismiss the appeal. The costs of this appeal are assessed against William Keith Ridley, for which execution may issue if necessary.