# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 1, 2013 Session

## IN RE: ESTATE OF TANDY NATHAN DALTON

**Appeal from the Chancery Court for Grainger County**
**No. E5409      Telford E. Forgety, Jr., Chancellor**

---

**No. E2012-02570-COA-R3-CV-FILED-MARCH 1, 2013**

---

The appellant, Linda Gass ("Heir"), an heir to the Estate of Tandy Nathan Dalton, appeals from an order of the trial court entered on October 30, 2012, which determined that certain specifically described real property upon which Heir lives is an asset of the estate and may be sold by the appellee, Barbara D. Carmichael, the Executrix of the decedent's estate ("Executrix"), pursuant to the terms of the decedent's will. Because it is clear that the jurisdiction of this Court was not invoked properly, this appeal is dismissed for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., P.J., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Linda Gass, Blaine, Tennessee, pro se.

Bruce T. Hill, Sevierville, Tennessee, for the appellee.

## MEMORANDUM OPINION[1]

The record has not yet been transmitted for this appeal. However, Executrix has filed a motion to dismiss the appeal asserting that the October 30, 2012 order is not a final

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment in that "[t]he Estate is still open[,] there are assets yet to be distributed and the Estate is still being administered." Executrix asserts in the motion that this Court lacks jurisdiction to consider this appeal because: (1) Heir failed to comply with the procedures set forth in Rule 9 of the Rules of Appellate Procedure for seeking an interlocutory appeal; and (2) even if Heir had an appeal as of right from the challenged order pursuant to Rule 3 of the Rules of Appellate Procedure, she failed to timely invoke the jurisdiction of this Court pursuant to Rule 4(a) of the Rules of Appellate Procedure by filing the Notice of Appeal within thirty (30) days of the date of entry of the challenged order. A copy of the October 30, 2012 order accompanied the motion to dismiss.

In response to the motion to dismiss, Heir asks that this Court stay this appeal so that she may seek permission from the trial court to appeal from the October 30, 2012 order, which she appears to concede is interlocutory in nature. She further states in her response that her Notice of Appeal was timely filed within thirty (30) days of the date of entry of the October 30, 2012 order.

Executrix has filed an amended motion to dismiss asserting that Heir did not file her Notice of Appeal until November 30, 2012, thirty-one (31) days after the date of entry of the October 30, 2012 order. A review of the Notice of Appeal transmitted to the appellate court clerk by the trial court clerk supports Executrix's assertion of fact in this regard. In response to the amended motion to dismiss, Heir states that there "are reasons to grant [her] leniency in this case" because opposing counsel knew of her intent to appeal from the October 30, 2012 order when the ruling memorialized in that order was announced in open court on October 15, 2012. Heir also indicates that she is appealing another order, presumably entered on the same day as the order allowing the sale of the real property, which order granted "partial summary judgment" to one of the parties. The subject matter of the partial summary judgment order being referred to here is unclear. However, what is clear is that Heir is making reference only to a partial summary judgment and not to "a final judgment adjudicating all the claims, rights, and liabilities of the parties." See Tenn. R. App. P. 3(a).

It is clear from the motion and amended motion, as well as the attachments thereto and the concessions made by Heir in her responses to the motion and amended motion, that Heir is not appealing from a final judgment. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re: Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because there are unresolved claims and issues in the proceedings below, as Heir concedes, this Court does not have

subject matter jurisdiction over this appeal unless jurisdiction is "provided by the rules or by statute." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Heir concedes that she failed to seek permission to appeal from any challenged interlocutory order pursuant to Rule 9 of the Rules of Appellate Procedure and the time for doing so pursuant to the rule has long since passed. Moreover, if any order entered on October 30, 2012 was a probate order that was otherwise appealable as of right pursuant to the statutory law of this state, *see, e.g.*, Tenn. Code Ann. § 30-1-107; Tenn. Code Ann. § 30-2-102(f); Tenn. Code Ann. § 30-2-315(b); *In Re: Estate of Ridley*, 270 S.W.3d 37, 40-41 (Tenn. 2008); *Henderson*, 121 S.W.3d at 646; *Cantrell v. Estate of Cantrell*, 19 S.W.3d 842, 844 (Tenn. Ct. App. 1999), then Heir failed to invoke this Court's jurisdiction by filing a Notice of Appeal within thirty (30) days of the date of entry of said order as required by Rule 4(a) of the Rules of Appellate Procedure.

Therefore, Executrix's motion and amended motion to dismiss are well-taken and are granted. This appeal is dismissed. All pending motions are rendered moot by this disposition. Costs on appeal are taxed to Heir, for which execution may issue if necessary.

**PER CURIAM**