# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
March 31, 2015 Session

## *IN RE* ESTATE OF WANDA JOYCE WATKINS

**Probate Court for Loudon County**
**No. 4455      Rex A. Dale, Judge**

_____

**No. E2014-02323-COA-R3-CV-FILED-APRIL 1, 2015**

_____

This is an appeal from an order in a will-construction suit regarding whether certain heirs to the Estate of Wanda Joyce Watkins ("Heirs"), appellants in this appeal, are entitled to inherit under the residuary clause of the Decedent's will. Because the order appealed from does not resolve the issue of the amount of attorney's fees awarded to the Executrix, Kimberly B. Jenkins ("Executrix"), in connection with the filing of the petition for construction of the will, we lack jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., CHARLES D. SUSANO, JR., C.J., AND THOMAS R. FRIERSON, II, J.

Ginger Wilson Buchanan, Cleveland, Tennessee, for the appellants, John Darrell Vance, Nancy Ann Ferrara, Wendy Vance Knott, and William Landon Vance.

O. E. Schow, IV, Knoxville, Tennessee, for the appellee, Kimberly B. Jenkins.

Amy Bingham, Loudon, Tennessee, appellee, *pro se.*

Barry N. Blanton, Lenoir City, Tennessee, appellee, *pro se.*

In the order on review, the Trial Court determined that the appellants could not inherit under the residuary clause of the Decedent's will because the appellants claimed through the Decedent's spouse who had predeceased the Decedent. The Trial Court also ruled that the appellants would be responsible for the attorney's fees of the Executrix, and ordered counsel for the Executrix to file with the Trial Court Clerk affidavits in support of a reasonable attorney's fees award. The Trial Court has yet to resolve the issue of the amount of attorney's fees awarded to the Executrix.

After receiving the record in this appeal, this Court directed Heirs to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the premature filing of the Notice of Appeal. Heirs have filed no response to the show cause order. While a final order in a will contest suit is an appealable final judgment even if an order closing the estate has not yet been entered, see In Re Estate of Ridley, 270 S.W.3d 37, 42 (Tenn. 2008), the order on review in this case does not resolve "all the claims, rights, and liabilities of the parties" in the will-construction suit because it does not resolve the issue of the amount of attorney's fees awarded to the Executrix in connection with having to file the petition asking the probate court to construe the Decedent's will. As such, it appears that this Court does not have jurisdiction to consider this appeal. See Tenn. R. App. P. 3(a); see also Spencer v. The Golden Rule, Inc., No. 03A01-9406-CV-00207, 1994 WL 589564, * 1 (Tenn. Ct. App., Eastern Section, Oct. 21, 1994).

Accordingly, this appeal is dismissed. Costs on appeal are taxed to the appellants, and their surety, for which execution may issue if necessary.

**PER CURIAM**

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.