IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2019

## IN RE ESTATE OF MARGARET OWENS BUSH BAKER

**Appeal from the Chancery Court for Carroll County**
**No. 2016-PA-151          Carma Dennis McGee, Chancellor**

_____

**No. W2019-00229-COA-R3-CV**

_____

In this probate action involving a testate decedent, the surviving spouse filed a petition seeking to claim an elective share in addition to homestead rights, exempt property, and year's support. The surviving spouse later withdrew his petition for an elective share but continued to assert claims for exempt property and year's support. The trial court denied those claims, determining that the statutory provisions governing a surviving spouse's claims for exempt property and year's support require that the claimant had also simultaneously elected against the decedent's will. The surviving spouse has appealed. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Dwayne D. Maddox, III, Huntingdon, Tennessee, for the appellant, John W. Baker.

George Robert Whitfield, III, Paris, Tennessee, for the appellee, Janice Burns Payne, Executrix of the Estate of Margaret Owens Bush Baker.

## OPINION

### I. Factual and Procedural Background

The petitioner, John W. Baker, filed a petition for letters of administration on August 17, 2016, in the Probate Division of the Carroll County Chancery Court ("trial court") concerning the estate of his deceased wife, Margaret Owens Bush Baker ("Decedent"). In his petition, Mr. Baker stated that Decedent had passed away on

February 25, 2016. Mr. Baker alleged that Decedent's daughter, Janice Burns Payne, had provided him with a copy of a Last Will and Testament purportedly executed by Decedent, which he attached to his petition. Mr. Baker posited that because no one had come forward to probate the original Last Will and Testament ("Will"), Decedent had died intestate.

Mr. Baker estimated that the value of Decedent's estate ("the Estate") was $59,300.00, which included real property. Mr. Baker requested that the trial court appoint him as administrator of the Estate and that notice be given to Decedent's creditors. In addition to himself, Mr. Baker identified Decedent's children, Janice Burns Payne, Mary Ann Garner, and James Doug Bush, as Decedent's heirs. Mr. Baker concomitantly filed an affidavit stating that he had provided notice to the other heirs.

The trial court entered an order appointing Mr. Baker as administrator of the Estate on August 17, 2016. Mr. Baker filed an inventory that same day, listing Decedent's assets as: (1) a tract of real property located in McKenzie, Tennessee, valued at $34,300.00; (2) a 2005 Ford Crown Victoria automobile valued at $5,000.00; and (3) miscellaneous personal property valued at $20,000.00.

On March 22, 2017, Mr. Baker filed a petition suggesting that the Estate was insolvent and asking the trial court to approve the sale of Decedent's real and personal property. In support, Mr. Baker stated that after conducting a diligent search, he had discovered personal assets worth $5,000.00, as well as an additional tract of real property in Carroll County that had been owned by Decedent. Mr. Baker acknowledged that Decedent's funeral expenses had been paid by Ms. Payne and that Ms. Payne was entitled to reimbursement from the Estate for such expenses. Mr. Baker further averred that attorney's fees, administrator's fees, court costs, and other expenses would need to be paid from the Estate. According to Mr. Baker, the Estate had no funds from which to pay these expenses, such that selling the real and personal property would be necessary.

On June 12, 2017, Ms. Payne filed a petition seeking revocation of Mr. Baker's letters of administration. Ms. Payne averred that upon Decedent's death, approximately $615,000.00 worth of jointly titled real and personal property passed directly to Mr. Baker. Ms. Payne alleged that although Mr. Baker was aware that she possessed the original Will, Mr. Baker nonetheless filed his petition asserting that Decedent had died intestate. Ms. Payne further claimed that she was not afforded notice of the prior proceedings. For these reasons, Ms. Payne asked the trial court to revoke Mr. Baker's letters of administration and allow her to probate the Will, attached to her petition, wherein she was named executrix. Ms. Payne further requested that the court direct Mr. Baker to account for and deliver the Estate's assets to her.

Ms. Payne concomitantly filed a response to Mr. Baker's petition suggesting that the Estate was insolvent. Ms. Payne averred that although no creditors had filed claims,

the Estate now possessed only $5,000.00 in personal property when Mr. Baker's original accounting demonstrated personal assets worth $25,000.00. Although Ms. Payne confirmed that she had paid for funeral expenses for which she sought reimbursement, she denied that Mr. Baker should receive administrator's fees, noting his alleged misconduct. Ms. Payne further denied that it was necessary to sell the real property in order to pay the Estate's expenses.

The trial court conducted a hearing on June 20, 2017, concerning the petitions filed by Mr. Baker and Ms. Payne, and heard testimony from all three of Decedent's children. The court subsequently entered an order on July 6, 2017, finding that Decedent had executed a valid Last Will and Testament, which had been offered for probate by Ms. Payne. The court further found that the Will was properly witnessed and verified by affidavits from both witnesses. The court therefore appointed Ms. Payne executrix of the Estate in accordance with the Will's provisions and revoked the letters of administration issued to Mr. Baker.

Regarding Estate expenses, the trial court determined that Mr. Baker had performed valuable services for the Estate, "such as beginning the estate administration process, which was necessary because Payne did not come forward earlier to probate the Will," while also noting that Ms. Payne had provided reasons for her delay in seeking to probate the Will. The court found that although there were no claims filed against the Estate, Decedent's funeral expenses and the costs of administration would need to be paid by the Estate. According to the court's order, the Estate beneficiaries had indicated that they would be willing to pay necessary administration expenses in order to avoid the sale of the real property.

The trial court admitted Decedent's Will to probate, directing that letters testamentary be issued to Ms. Payne. Moreover, the court ordered Mr. Baker to file a final accounting and transfer the Estate's assets to Ms. Payne within thirty days of entry of the order. The court further ordered that Mr. Baker could file an appropriate motion requesting approval of any fees and expenses that he claimed were owed to him or his attorney.

On August 4, 2017, Mr. Baker filed a final accounting, stating that the Estate's assets consisted of (1) real property improved with a home, valued at $34,300.00; (2) a 2005 Ford Crown Victoria, valued at $5,000.00; (3) various quilts, valued at $1,500.00; and (4) jewelry, valued at $20,000.00, which Mr. Baker averred was "presumed stolen." Mr. Baker further stated that he, on behalf of the Estate, had received rental income of $1,500.00 and had incurred expenses of $3,477.82 related to the maintenance of the real property, which expenses purportedly had been paid by Mr. Baker personally. Mr. Baker thus claimed that the Estate owed him the difference between these amounts, or $1,877.82.

Also on August 4, 2017, Mr. Baker filed a "Notice of Surviving Spouse's Dissent from Will," wherein he stated that he "renounce[d] and surrender[ed] any claim to any gift under such will" and instead elected to receive the property to which he would have been entitled if Decedent had died intestate. Mr. Baker concomitantly filed a "Petition for Homestead, Elective Share, Exempt Property and Year's Support." In this petition, Mr. Baker stated that he was entitled to claim, *inter alia*, the surviving spouse's elective share.

On January 29, 2018, Ms. Payne filed an inventory of the Estate assets, which was approved by the trial court that same day. Subsequently, on May 9, 2018, Ms. Payne filed a response in opposition to Mr. Baker's petition for homestead, elective share, exempt property, and year's support. Ms. Payne asserted that Mr. Baker's claims were time barred because they were not filed within nine months of Decedent's death. *See* Tenn. Code Ann. § 31-4-102 (2015). Ms. Payne further asserted that Mr. Baker had received assets valued far in excess of the elective share outside of probate.

Following a hearing conducted on May 15, 2018, concerning the pending petitions, the trial court entered an "Omnibus Order" on July 6, 2018, determining that Mr. Baker's claims for homestead, elective share, exempt property, and year's support were not time barred. The court reasoned that the "timing of the petition to revoke the letters of administration and the request to admit the will to probate made it impossible for the filing of a petition for elective share within nine months of the date of death." The court further determined that Mr. Baker was precluded from making an advised and informed decision regarding whether to request an elective share until "after such time [as] it was determined that the last will and testament was going to be admitted to probate and was going to be the controlling method of distribution." The court therefore set Mr. Baker's petition for further hearing.

On July 10, 2018, Ms. Payne filed a motion to reconsider and to alter or amend the July 6, 2018 order pursuant to Tennessee Rules of Civil Procedure 52 and 59.04. Also on July 10, 2018, Mr. Baker filed a motion to withdraw his demand for an elective share. The trial court entered an order on July 17, 2018, allowing Mr. Baker to withdraw his request for an elective share. The court subsequently entered an order on July 24, 2018, denying Ms. Payne's motion to reconsider or to alter or amend.

The trial court conducted a hearing on August 21, 2018, concerning the pending claims and motions. The court subsequently issued a "letter ruling" on September 24, 2018, which reflects that the court considered testimony from the parties as well as three other witnesses and reviewed twelve exhibits admitted as evidence during the hearing. The trial court made the following determinations regarding Mr. Baker's claims:

Mr. and Mrs. Baker lived at 278 Doug Lane in McKenzie. This had been their marital residence for approximately seventeen years. Said property passed to Mr. Baker as the surviving tenant by the entirety.

* * *

Mr. Baker has made a request for his homestead interest. The only real property owned by the Decedent individually was that property located at 1575 Cedar Street in McKenzie. This property was not used as a marital residence, and Mr. Baker did not reside there. Therefore, Mr. Baker is not entitled to claim a homestead interest in said real property. Accordingly, his claim for homestead interest should be denied.

A spousal claim for both exempt property and year's support require that the claimant also have simultaneously elected against the decedent's Last Will and Testament. (See Tenn. Code Ann. § 30-2-101 and Tenn. Code Ann. § 30-2-102 referenced above.) Mr. Baker withdrew his claim for elective share. Therefore, he does not qualify for relief under these statutes.

Ergo, the court dismissed Mr. Baker's claims for homestead, exempt property, and year's support.

On October 12, 2018, the trial court entered a final judgment, incorporating the September 24, 2018 ruling by reference. The court dismissed Mr. Baker's petition and certified the judgment as final pursuant to Tennessee Rule of Civil Procedure 54.02. Mr. Baker subsequently filed a motion to alter or amend on November 7, 2018, arguing that he should be entitled to his claim for exempt property and year's support due to his filing of the notice stating that he sought to dissent from the Will. Ms. Payne filed a response opposing the motion.

On January 8, 2019, the trial court entered an order denying Mr. Baker's motion to alter or amend. Mr. Baker timely appealed, subsequently filing notice that no transcript or statement of the evidence would be filed.

## II. Issues Presented

Mr. Baker presents the following issue for our review, which we have restated slightly:

1.  Whether the trial court erred in determining that Mr. Baker did not qualify for the surviving spouse's claim for exempt property and

year's support because he had withdrawn his claim seeking an elective share.

Ms. Payne presents the following additional issue, which we have similarly restated:

2.      Whether the trial court erred by declining to dismiss Mr. Baker's petition because it was not timely filed.

## III.  Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).  "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect."  *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006).  We review questions of law *de novo* with no presumption of correctness.  *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).  We afford deference to the trial court's credibility assessments of the witnesses.  *See Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 784 (Tenn. 1999).

"We review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion."  *Robinson v. Currey*, 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler*, 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)).  *See In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005) ("[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party.") (internal citations omitted).

Statutory interpretation is a question of law, which we review *de novo* with no presumption of correctness.  *See In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).  Our Supreme Court has summarized the principles involved in statutory construction as follows:

> When dealing with statutory interpretation, well-defined precepts apply.  Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope.  *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002).  In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing.  *In re*

*C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." *Marsh v. Henderson*, 221 Tenn. 42, 424 S.W.2d 193, 196 (1968). Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. *Tenn. Elec. Power Co. v. City of Chattanooga*, 172 Tenn. 505, 114 S.W.2d 441, 444 (1937). We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995).

*Id*. at 613-14.

## IV. Appellate Jurisdiction

Before reviewing the substantive issues raised by the parties in this matter, Tennessee Rule of Appellate Procedure 13(b) mandates that we first determine whether this Court has subject matter jurisdiction to consider the appeal. *See* Tenn. R. App. P. 13(b); *Person v. Kindred Healthcare, Inc.*, No. W2009-01918-COA-R3-CV, 2010 WL 1838014, at *2 (Tenn. Ct. App. May 7, 2010). As this Court has explained, "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Person*, 2010 WL 1838014, at *2 (quoting *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990)). Concerning final judgments, Tennessee Rule of Appellate Procedure 3(a) provides in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

As this Court has previously explained, the application of Rule 3(a) in estate matters is often problematic:

[O]ur courts have previously recognized the difficulty of applying the final judgment rule to probate proceedings. *In re Estate of Schorn*, No. E2013-02245-COA-R3-CV, 2015 WL 1778292, at *7 (Tenn. Ct. App. Apr. 17, 2015) (citation omitted). This is in large part due to the fact that probate proceedings frequently contain multiple intermediate orders that are final with respect to discrete issues. *See id.* (citation omitted). As such, an order is appealable in many instances notwithstanding the fact that the probate case has not definitively concluded. For example, when a claim filed against the estate is tried and resolved, "[a] party dissatisfied with the outcome of a trial regarding a disputed claim must file a timely appeal without waiting for a final order closing the probate proceeding." *In re Estate of Trigg*, 368 S.W.3d 483, 497 (Tenn. 2012) (citation omitted). Moreover, our Supreme Court has held that orders construing a will are final and appealable, as are orders that reject wills submitted for probate and find that the deceased died intestate. *See In re Estate of Ridley*, 270 S.W.3d 37, 42 (Tenn. 2008); *In re Estate of Henderson*, 121 S.W.3d [643,] 647 [(Tenn. 2003)]. However, this Court has held that an appeal from an interim accounting must be dismissed for lack of jurisdiction. *See In re Estate of Schorn*, 359 S.W.3d 192, 197 (Tenn. Ct. App. 2011).

*In re Estate of McCants*, No. E2017-02327-COA-R3-CV, 2018 WL 3217697, at *3 (Tenn. Ct. App. July 2, 2018). *See also In re Estate of Goza*, No. W2013-02240-COA-R3-CV, 2014 WL 7246509, at *4 (Tenn. Ct. App. Dec. 19, 2014) ("[W]e recognize the difficulty of applying the final judgment rule of Rule 3 to probate proceedings, which often contain multiple intermediate orders that are final with regard to certain discrete issues.").

In this case, the trial court's "Final Judgment re: Elective Share Petition," entered on October 12, 2018, which disposed of all claims filed by Mr. Baker, was certified as final pursuant to Tennessee Rule of Civil Procedure 54.02. Mr. Baker subsequently filed a motion seeking to alter or amend the October 12, 2018 order on November 7, 2018. The filing of this motion arguably "arrested the finality" of the October 12, 2018 order. *See Byrnes v. Byrnes*, 390 S.W.3d 269, 276 (Tenn. Ct. App. 2012) (determining that an order certified as final pursuant to Rule 54.02 was no longer final following the subsequent filing of a motion to alter or amend). The subsequent and most recent order entered by the trial court on January 8, 2019, was not certified as final pursuant to Rule 54.02, and although it does dispose of Mr. Baker's claims, it does not dispose of all matters concerning the Estate.

This Court has previously determined in at least one case that an order denying a surviving spouse's claims for exempt property, elective share, and year's support should be immediately appealable to this Court similar to the claims of other creditors. *See*

- 8 -

*Cantrell v. Estate of Cantrell*, 19 S.W.3d 842, 844 (Tenn. Ct. App. 1999) (concluding that a "widow seeking a year's support should not be in a worse position than an ordinary claimant" who can immediately appeal denial of a claim pursuant to Tenn. Code Ann. § 30-2-315(b)); *but see In re Estate of Morris*, 104 S.W.3d 855, 859 (Tenn. Ct. App. 2002) (concluding that an order disposing of the surviving spouse's claims for elective share, homestead, and year's support would be treated as final for purposes of appeal despite the "questionable" nature of the order's finality). Moreover, Tennessee Rule of Appellate Procedure 2 allows this Court to suspend the final judgment requirement in our discretion based upon a finding of "good cause." *See In re Estate of Goza*, 2014 WL 7246509, at *5.

This Court has previously exercised this discretion when we have determined that "judicial economy is best served by addressing the issues on their merits in this appeal." *Id.* (quoting *Parker v. Lambert*, 206 S.W.3d 1, 4 (Tenn. Ct. App. 2006)). Because dismissal of Mr. Baker's appeal would only serve to delay resolution of this discrete issue between the parties, we conclude that in the interest of judicial economy, good cause exists that allows us to suspend the finality requirements of Rule 3 in this matter in order to proceed to address the substantive issues presented. *See, e.g., In re Estate of McCants*, 2018 WL 3217697, at *3.

## V. Statutory Claims of Surviving Spouse

Mr. Baker argues that the trial court erred in determining that he did not qualify for the surviving spouse's claim for exempt property and year's support because he had withdrawn his claim seeking an elective share. Ms. Payne, on behalf of the Estate, contends that the trial court correctly held that "[a] spousal claim for both exempt property and year's support require that the claimant also have simultaneously elected against the decedent's Last Will and Testament."

Tennessee Code Annotated §§ 30-2-101 and -102 provide the bases for Mr. Baker's claims for exempt property and year's support. Tennessee Code Annotated § 30-2-101(a) (2015) provides in pertinent part:

> The surviving spouse of an intestate decedent, or a spouse who elects against a decedent's will, is entitled to receive from the decedent's estate . . . . exempt property.

Tennessee Code Annotated § 30-2-102(a) (2015) similarly provides:

> In addition to the right to homestead, an elective share under title 31, chapter 4, and exempt property, the surviving spouse of an intestate, or a surviving spouse who elects to take against a decedent's will, is entitled to a reasonable allowance in money out of the estate for such surviving spouse's

maintenance during the period of one (1) year after the death of the spouse, according to the surviving spouse's previous standard of living, taking into account the condition of the estate of the deceased spouse.

Our review of the statutory provisions at issue herein demonstrates that these provisions are clear and unambiguous. *See In re Estate of Tanner*, 295 S.W.3d at 613 ("When a statute is clear, we apply the plain meaning without complicating the task. Our obligation is simply to enforce the written language."). Tennessee Code Annotated §§ 30-2-101 and -102 expressly provide that the surviving spouse's entitlement to receive the exempt property or year's support is predicated upon either the decedent's intestacy or, if the decedent died testate, the surviving spouse's decision to elect "against a decedent's will." In the case at bar, Decedent did not die intestate because the Will was ultimately admitted to probate. Although Mr. Baker initially elected against the Will, he later withdrew his petition for an elective share. Consequently, neither of the conditions contained within Tennessee Code Annotated §§ 30-2-101 and -102 existed so as to allow Mr. Baker to claim exempt property or year's support.

Notably, these statutory provisions are in accord with the "doctrine of election" that has existed in Tennessee jurisprudence for over 100 years. As this Court has previously explained:

> [T]he doctrine of election requires a person to either accept a benefit under a will and adopt the whole contents of the instrument, conforming to all its provisions, or renounce the will and exercise rights inconsistent with the testator's intent. *Colvert v. Wood*, 93 Tenn. 454, 25 S.W. 963, 965 (Tenn. 1894). The doctrine of election applies to a surviving spouse because he or she has the right to either accept the benefits under the will or exercise his or her right to an elective share of the deceased spouse's estate. Thus, the surviving spouse must elect either to receive the elective share or the benefits under the will, but the surviving spouse cannot elect to receive both.

*In re Estate of Grass*, No. M2005-00641-COA-R3-CV, 2008 WL 2343068, at *11 (Tenn. Ct. App. June 4, 2008), *overruled on other grounds by In re Estate of Fletcher*, 538 S.W.3d 444 (Tenn. 2017).

Mr. Baker argues that he has complied with the requirements of the above-referenced statutory provisions by filing a "Notice of Surviving Spouse's Dissent from Will," which was separate from his petition seeking an elective share, exempt property, and year's support. As this Court has previously recognized, however, "in 1976, laws governing estates underwent a massive overhaul. Statutes governing dissent from the will were rewritten, thereafter being called a proceeding for taking an elective share." *See In re Estate of Gray*, 729 S.W.2d 668, 671 (Tenn. Ct. App. 1987). By virtue of this

- 10 -

change, "our legislature has substituted the elective share proceedings for the older concept of dissenting from the will." *See id*.

We agree and conclude that Mr. Baker's notice of "dissent" could only be construed as his election to take against the Will or, in other words, to seek an elective share. Once Mr. Baker withdrew his claim for an elective share, he no longer qualified as a surviving spouse electing against a will for the purposes of Tennessee Code Annotated §§ 30-2-101 and -102. We therefore affirm the trial court's decision to deny Mr. Baker's claims for exempt property and year's support.

## VI. Remaining Issue

Ms. Payne has raised the additional issue of whether the trial court erred by declining to dismiss Mr. Baker's petition because it was not timely filed. Having determined that the trial court properly denied Mr. Baker's claims for exempt property and year's support, we determine this issue to be pretermitted as moot.

Ms. Payne has also asserted in the argument section of her appellate brief that this appeal is frivolous and that she should be awarded her attorney's fees incurred on appeal. We note, however, that Ms. Payne failed to raise this as an issue in her appellate brief's statement of the issues. As our Supreme Court has elucidated:

> Appellate review is generally limited to the issues that have been presented for review. Tenn. R. App. P. 13(b); *State v. Bledsoe*, 226 S.W.3d 349, 353 (Tenn. 2007). Accordingly, the Advisory Commission on the Rules of Practice and Procedure has emphasized that briefs should "be oriented toward a statement of the issues presented in a case and the arguments in support thereof." Tenn. R. App. P. 27, advisory comm'n cmt.

*Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); *see also Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) ("We may consider an issue waived where it is argued in the brief but not designated as an issue."). Therefore, we deem Ms. Payne's request for attorney's fees on appeal to be waived.

## VII. Conclusion

For the foregoing reasons, we affirm the trial court's judgment in all respects. We remand this case to the trial court for enforcement of the judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, John W. Baker.

_____
THOMAS R. FRIERSON, II, JUDGE