# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 24, 2017 Session

## IN RE CONSERVATORSHIP OF GLEN TRAVIS CAMPBELL

**Appeal from the Probate Court for Davidson County**
**No. 15P-53     David Randall Kennedy, Judge**

_____

### No. M2016-02563-COA-R3-CV

_____

This appeal involves attorney's fees awarded during the course of a conservatorship. Upon a petition filed by the ward's eldest two children, a response filed by the ward's spouse, the report of a court-appointed guardian *ad litem*, and a mediated agreement, the probate court entered an order establishing a conservatorship for the ward and appointing the ward's spouse as conservator on May 11, 2015. During the course of the conservatorship, the trial court found in three instances at issue that the conservator was entitled to attorney's fees in disputes involving various requests to release information concerning the ward in a public forum. The trial court subsequently denied a motion to set aside, vacate, and stay enforcement filed by the original petitioners, who have appealed to this Court. Having determined that the original petitioners were given insufficient notice of two of the three hearings resulting in the assessment of attorney's fees and costs against them, we vacate the trial court's respective orders awarding attorney's fees and costs in those two instances. We affirm the trial court's judgment in all other respects at issue on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed in Part, Vacated in Part; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

R. Horton Frank and Katlin A. Ryan, Nashville, Tennessee, for the appellants, Deborah Campbell-Cloyd and William Travis Campbell.

Carolyn W. Schott and William L. Harbison, Nashville, Tennessee, for the appellee, Kimberly Campbell.

**OPINION**

## I. Factual and Procedural Background

The conservatorship at the center of this appeal was established on behalf of entertainer Glen Travis Campbell ("Mr. Campbell"), who was approximately eighty years old and suffering from late-stage Alzheimer's disease when the instant appeal process began.[1] The original petitioners, Debby Campbell-Cloyd ("Ms. Campbell-Cloyd") and William Travis Campbell ("Travis Campbell"), are the two eldest of Mr. Campbell's eight children. Ms. Campbell-Cloyd and Travis Campbell (collectively, "Petitioners") filed a petition for letters of conservatorship on January 13, 2015, averring that Mr. Campbell was in need of a conservator and requesting that Ms. Campbell-Cloyd be appointed to serve in that capacity. On the same day, the trial court entered an "Order to File Pleadings Under Seal," directing that all pleadings and orders in this matter would be filed under seal. On January 15, 2015, the trial court appointed attorney Stacey Schlitz as Mr. Campbell's guardian *ad litem*. Ms. Schlitz is not participating in this appeal.

Mr. Campbell's wife, Kimberly Campbell, filed a response to the petition on February 18, 2015, requesting that she be named conservator. Mr. Campbell and Kimberly Campbell were married in October 1982, and she is the mother of Mr. Campbell's three youngest children, Nicklaus Caledonia ("Cal") Campbell, Shannon Campbell, and Ashley Campbell.[2] Upon the trial court's order, the parties participated in mediation on April 21, 2015.

Following a status conference and announcement of the parties' mediated settlement as to certain issues, the trial court entered an order on May 11, 2015, finding that Mr. Campbell was in need of a conservator of his person and property and appointing Kimberly Campbell as his conservator ("Conservator"). The court named Ashley Campbell as standby fiduciary and Shannon Campbell and Cal Campbell as alternate standby fiduciaries. The court concomitantly entered an "Order Incorporating Settlement Terms," finding that "the parties have come to certain agreements with respect to discrete claims in this matter" and setting forth the following in pertinent part:

---

[1] This Court takes judicial notice of multiple news reports indicating that Mr. Campbell passed away on August 8, 2017. *See* Tenn. R. Evid. 201(b)(2). Mr. Campbell's death does not substantively impact the issues raised on appeal.

[2] Mr. Campbell's other three children, Dillon Campbell, Kelli Campbell, and Wesley Kane Campbell, were also included in all certificates of service included with pleadings filed and orders entered in the trial court. They are not parties to this appeal.

IT IS THEREFORE ORDERED as follows:

1.  Kimberly Campbell will be appointed conservator of the person and property of Glen Campbell through a companion order of this Court.

2.  Each party is responsible for his or her own attorney fees.

3.  Ms. Campbell-Cloyd and Travis Campbell are responsible jointly and severally for the fees and expenses of the guardian ad litem, Stacey Schlitz.

4.  Ms. Campbell-Cloyd and Travis Campbell are responsible jointly and severally for the court costs in this matter through the date of this Order.

5.  Visits to Glen Campbell by Ms. Campbell-Cloyd and Travis Campbell will occur as provided by the terms of and subject to the conditions of the Definitive Settlement Agreement between Ms. Campbell-Cloyd, Travis Campbell and Kimberly Campbell. Disputes with respect to visitation will be submitted for resolution by binding mediation . . . .

Upon Petitioners' motion requesting instructions concerning the restrictions placed on the sealed file, the trial court entered an "Order Regarding Restrictions on Sealed File" on May 15, 2015, directing the following in relevant part:

[D]ue to this matter being filed under seal, the parties and all listed persons on the Certificate of Service are restricted from engaging in communication with any media or news source regarding the specific aspects of this case such as medical records of [Mr. Campbell], and financial records of [Mr. Campbell], and the location of [Mr. Campbell]. The parties shall be allowed to talk to family members and other persons of interest for the purpose of gathering information and evidence related to the allegations contained in the pleadings.

Petitioners' former counsel, Jennifer Sheppard, filed a motion for leave to withdraw, which the trial court granted in an order entered May 29, 2015. Petitioners, particularly Travis Campbell, subsequently filed various pleadings questioning the validity of the settlement agreement, but the order incorporating the agreement remained in effect. The settlement agreement is not at issue on appeal.

3

At issue in this appeal are provisions concerning attorney's fees awarded in six orders entered by the trial court over the course of the conservatorship. The six orders may be best described as three sets of two orders each, with the first order in each set containing the trial court's finding that Conservator was entitled to attorney's fees and costs assessed against Petitioners and the second order in each set containing the corresponding monetary award of attorney's fees and costs. The disputes underlying all three sets of orders involved various requests to release information in a public forum.

### A. Order Set One

On February 1, 2016, Conservator filed an "Emergency Motion for Permission to Release Limited Information to Tennessee General Assembly," requesting that she be allowed to make a statement concerning Mr. Campbell and the conservatorship in response to a presentation made by Ms. Campbell-Cloyd on the Tennessee Senate floor on January 27, 2016. Ms. Campbell-Cloyd had appeared with entertainer Tanya Tucker and legislators in support of proposed legislation regarding conservatorships. In her motion, Conservator averred that Ms. Campbell-Cloyd had revealed information from the trial court's sealed file and had made inaccurate statements concerning her ability to visit Mr. Campbell under the mediated agreement. The motion included notice of a hearing scheduled for February 2, 2016. Conservator's counsel attached a certificate of service, certifying that a copy of the notice had been sent via United States mail and electronic mail to Petitioners. The certificate of service included individual electronic mail addresses, as well as physical addresses, for Ms. Campbell-Cloyd and Travis Campbell, respectively.

On February 2, 2016, Petitioners, at the time proceeding *pro* se, filed a response to the motion via electronic mail, asserting, *inter alia*, that they resided outside Tennessee and would not be able to appear at the hearing. Petitioners stated objections to the motion and noted that they would be in Nashville on February 10 and 11, 2016, and could appear in person before the trial court at that time.

Upon Conservator's motion, the trial court entered an order on February 2, 2016, granting Conservator authorization to release limited information. The order did not reference Petitioners' response filed the same day. The court directed specifically:

> [Conservator], or a representative on her behalf, may release limited information regarding the matters under seal in this case for the sole purpose of clarifying statements made to the Tennessee General Assembly by [Ms. Campbell-Cloyd] on January 27, 2016. The information to be released shall be limited to (1) facts that explain that the visitation arrangements and guidelines in this conservatorship matter arose from a

4

negotiated agreement entered into by [Ms. Campbell-Cloyd] and Travis Campbell in the course of mediation; and (2) clarification that the visitation frequency described by [Ms. Campbell-Cloyd] on January 27, 2016 is the *minimum* visitation allowed rather than *maximum*.

The Court also orders that the attorney fees and costs incurred by the conservatorship in bringing the present motion and carrying out this order shall be taxed to [Petitioners] jointly and severally.

(Emphasis in original.)

On March 2, 2016, Conservator's counsel filed an "Affidavit of Time Detailing Costs and Fees Awarded on February 2, 2016," delineating a total of 34.5 hours expended by three attorneys and two paralegals at varying rates for a total of $11,976.00 in fees for work supporting Conservator's motion from January 27, 2016, through February 9, 2016. The affidavit included a certificate of service, certifying that Conservator's counsel had sent the affidavit via United States mail to Petitioners individually. In an order entered March 15, 2016, upon Conservator's motion for attorney's fees and her counsel's affidavit, the trial court awarded attorney's fees and expenses in the amount of $11,976.00 to Conservator's counsel "for their services rendered in this matter for the period from January 27, 2016 through February 9, 2016, & the foregoing amount is rendered as a money judgment against [Petitioners], jointly and severally."

**B. Order Set Two**

On February 10, 2016, Petitioners filed an "Emergency Motion to Unseal Entire File," "to allow [Petitioners] to have the ability to respond to certain claims made by [Conservator] and to avoid the necessity of [filing] similar emergency motions in the future along with the costs that are incurred therein." Although the motion was filed on behalf of both Petitioners, it was signed only by Travis Campbell, acting *pro se*. Ms. Campbell-Cloyd did execute a statement averring that Conservator had denied her visitation with Mr. Campbell beyond twice monthly, and this statement was filed concomitantly with the instant motion.[3] Petitioners asserted that because Mr. Campbell had been moved to a different location than the location identified in the sealed record, the purpose of concealing Mr. Campbell's location from the public was no longer relevant. They further asserted that it was in the best interests of "all parties involved" to

---

[3] Ms. Campbell-Cloyd has raised no objection throughout the proceedings to the trial court's treatment of the February 10, 2016 "Emergency Motion to Unseal Entire File" as filed by both Petitioners. For purposes of the issues raised in this appeal, we will also treat the motion as filed by both Travis Campbell and Ms. Campbell-Cloyd.

have the full record made public rather than a portion that could prove misleading. The motion included a certificate of service, stating that a copy had been "served by email, fax, and/or US mail" to Conservator's counsel, among other parties involved. Conservator filed a response objecting to Petitioners' emergency motion on February 11, 2016.

The trial court conducted a hearing regarding Petitioners' emergency motion on February 12, 2016. Upon the pleadings and arguments of Travis Campbell, acting *pro se*, and Conservator's counsel, the court entered an order on March 4, 2016, finding no basis for unsealing the court file and denying the motion. The court awarded to Conservator "a judgment for costs and fees incurred by the conservatorship in defending against the instant motion . . . ."

On March 2, 2016, Conservator's counsel filed an "Affidavit of Time Detailing Costs and Fees Awarded on February 12, 2016," delineating a total of 12.3 hours expended by three attorneys at varying rates for a total of $4,391.00 in fees for work defending against Petitioners' motion from February 10, 2016, through February 12, 2016. The affidavit included a certificate of service, certifying that Conservator's counsel had sent the affidavit via United States mail to Petitioners individually. In an order entered March 15, 2016, upon Conservator's motion for attorney's fees and her counsel's affidavit, the trial court awarded attorney's fees and expenses in the amount of $4,391.00 to Conservator's counsel "for their services rendered in this matter for the period from February 10, 2016 through February 12, 2016," and taxing the fees to Petitioners, "jointly and severally and reduced to a money judgment."

## C. Order Set Three

On February 25, 2016, Conservator filed an "*Emergency* Motion for Permission to Release Limited Information to the National Enquirer and Other Media," requesting that she be allowed to "provide an accurate response to the National Enquirer and other media regarding false accusations of elder abuse, financial mismanagement by [Conservator], and a pending FBI investigation against [Conservator]" (emphasis in original). Conservator averred that an editor from the *National Enquirer* had contacted her requesting a statement in response to information provided to the publication by Travis Campbell. Conservator alleged: "By releasing these false statements to the National Enquirer and additionally by nondisclosure of certain aspects of the matters under seal, Travis Campbell has provided misleading and inaccurate information regarding [Mr. Campbell] and the Conservatorship." Conservator attached a proposed statement to be released to the media. The motion included notice of a hearing scheduled for February 26, 2016. Conservator's counsel attached a certificate of service, certifying that a copy of the notice had been sent via United States mail and electronic mail to Petitioners. The

certificate of service again included individual electronic mail addresses, as well as physical addresses, for Ms. Campbell-Cloyd and Travis Campbell, respectively.

Acting without benefit of counsel, Travis Campbell filed a response on February 26, 2016. Maintaining that it was "an impossibility" for him to appear before the court in person on that day, Travis Campbell denied allegations that he had revealed information in violation of the sealed record in this case or that he had spoken directly with any representative from the *National Enquirer*. He insisted that information obtained by the *National Enquirer* was available through other sources, including the information authorized to be released by the trial court in its February 2, 2016 order, Conservator's Facebook page, and a separate court case in California. Travis Campbell also objected to particular phrases within Conservator's proposed statement to the media.

Upon Conservator's motion, the trial court entered an "Order Granting Permission to Release Limited Information to the National Enquirer and Other Media" on February 26, 2016, authorizing Conservator or her representative to "release limited information regarding the matters under seal in this case for the sole purpose of clarifying statements made to the National Enquirer by Travis Campbell." The order did not reference Travis Campbell's response filed the same day. The court directed that the information authorized for release would "be in accordance with the attached Statement, either in that form or in summary form." On appeal, the record does not include an attached statement, but it appears that the order was referencing Conservator's proposed statement as the one authorized. The court further ordered that "the attorney fees and costs incurred by the conservatorship in bringing the present motion and carrying out this order shall be taxed to Travis Campbell."

On March 2, 2016, Conservator's counsel filed an "Affidavit of Time Detailing Costs and Fees Awarded February 26, 2016," delineating a total of 14.1 hours expended by four attorneys at varying rates for a total of $6,302.50 in fees for work supporting Conservator's motion from February 25, 2016, through February 26, 2016. The affidavit included a certificate of service, certifying that Conservator's counsel had sent the affidavit via United States mail to Petitioners individually. In an order entered March 15, 2016, the trial court awarded attorney's fees and expenses in the amount of $6,302.50 to Conservator's counsel "for their services rendered in this matter for the period from February 25, 2016 through February 26, 2016."

Each of the trial court's three March 15, 2016 orders regarding the amount of attorney's fees awarded was entered as a separate order. The total amount awarded in the three orders combined was $22,669.50.

### D. Subsequent Proceedings Relevant to this Appeal

On July 8, 2016, Conservator filed a "Motion for an Order to Show Cause Why Debby Campbell-Cloyd Should Not Be Held in Civil Contempt of Court." Conservator alleged that Ms. Campbell-Cloyd had "willfully and repeatedly" violated the January 2015 order placing the record under seal and the May 2015 order incorporating the settlement agreement. On the same day, Conservator filed a "Motion for an Order to Show Cause Why Travis Campbell Should Not be Held in Civil Contempt of Court" for violation of the same orders. On July 14, 2016, Conservator filed notices of hearing on the motions to show cause with a date set for hearing of July 29, 2016. Petitioners' current counsel entered a notice of appearance on July 27, 2016, and Conservator subsequently filed updated notices, resetting the hearing for August 29, 2016. Petitioners filed responses to the motions to show cause on August 22, 2016. As stated by Petitioners on appeal: "The orders to show cause remain pending before the trial court and have not yet been heard."

On September 28, 2016, Petitioners filed a "Motion to Set Aside, Vacate and Stay Enforcement of Orders," requesting that the trial court set aside, vacate, and stay enforcement of the six subject orders related to attorney's fees. It is undisputed that earlier in September of 2016, Conservator had served each of the Petitioners with a notice of filing a foreign judgment regarding the attorney's fees. In their motion to set aside, Petitioners set forth three arguments: (1) the orders prompted by Conservator's two emergency motions (those in sets one and three above) are void due to inadequate notice of the hearings on the motions, (2) all six orders at issue are not final or enforceable because they remain subject to vacation or modification at any time prior to entry of a final order adjudicating all the claims of the parties, and (3) no contractual or statutory basis exists for the awards of attorney's fees in the orders. Petitioners stated in the introduction of their motion that they were seeking relief pursuant to Tennessee Rule of Civil Procedure 54.02 regarding the finality of orders when multiple claims for relief are involved. As Conservator notes, Petitioners did not specify in the motion whether they were relying on Tennessee Rule of Civil Procedure 59 or 60 for post-judgment relief if the trial court maintained that the orders were final. Conservator filed a response in opposition to the motion, and Petitioners filed a reply.

Following a hearing conducted on October 28, 2016, the trial court denied Petitioners' motion to set aside, vacate, and stay enforcement in an order entered November 15, 2016. The trial court stated in pertinent part:

> **It is ORDERED** that the Motion is denied for the following reasons: (1) each of the orders that [Petitioners] seek to set aside is a final order; (2) the Motion is not timely; and (3) notice of the motions and hearings giving

rise to the orders met due process requirements. The orders are not void; they are enforceable, final orders.

On December 15, 2016, Petitioners filed with this Court a notice of appeal from the November 15, 2016 judgment. They simultaneously filed with the trial court a motion to alter or amend the November 15, 2016 judgment, pursuant to Tennessee Rules of Civil Procedure 59.01 and 59.04. Averring that the November 2016 order did not comply with the requirements of Tennessee Rule of Civil Procedure 54.02 for designation of an order as final, Petitioners requested that the trial court alter or amend the order to comply with Rule 54.02. In particular, Petitioners requested that the trial court add language expressly directing final judgment to be entered and stating that there "is no just reason for delay in the entry of judgment directed by the Court." Conservator filed a response in opposition to Petitioners' motion.

In the meantime, the trial court entered an order on December 16, 2016, setting a show cause hearing concerning the allegations of contempt against Petitioners for March 27, 2017. As to the notice of appeal previously filed, this Court issued a notice initiating the appeal, which was filed with the trial court on January 3, 2017.

The trial court conducted a hearing regarding Petitioners' motion to alter or amend on January 20, 2017. In an order entered January 31, 2017, the trial court denied Petitioners' motion upon finding it to be without merit. The court concluded:

> The November 15, 2016 Order already provides that it is a final order, and the Court speaks only through its orders. It is accordingly,
>
> **ORDERED** that the Motion To Alter or Amend filed by [Petitioners], seeking to modify the Order Denying Motion to Set Aside, Vacate and Stay Enforcement of Orders entered on November 15, 2016, is hereby Denied. This is a final order.

On appeal, Petitioners have requested that this Court "review and reverse the trial court's order that denied their 'Motion to Set Aside, Vacate and [Stay] Enforcement of Orders,'" entered on November 15, 2016. Petitioners also filed a notice, pursuant to Tennessee Rule of Appellate Procedure 24(d), that no transcript or statement of the evidence would be filed in this matter.

## II. Issues Presented

Petitioners present four issues on appeal, which we have restated as follows:

9

1. Whether the trial court erred by finding that Petitioners' "Motion to Set Aside, Vacate and Stay Enforcement of Orders" was not timely filed under Tennessee Rules of Civil Procedure.

2. Whether Petitioners' due process rights were violated when the trial court awarded attorney's fees and costs to Conservator without Conservator's having provided the required number of days' notice of the relevant hearings pursuant to the Tennessee Rules of Civil Procedure and the Local Rules of Practice for the Twentieth Judicial District of Tennessee.

3. Whether the trial court's orders awarding attorney's fees and costs to Conservator are void due to insufficient notice to Petitioners.

4. Whether the trial court erred by awarding attorney's fees and costs to Conservator without a contractual or statutory basis for the award of fees.

Conservator presents three additional issues, which we have similarly restated as follows:

5. Whether an order resolving a discrete issue in the course of an ongoing conservatorship, specifically attorney's fees related to a particular motion in this case, is final.

6. Whether the trial court had authority to award attorney's fees and costs to Conservator pursuant to Tennessee Code Annotated § 34-1-114.

7. Whether the conservatorship is entitled to an award of attorney's fees on appeal pursuant to Tennessee Code Annotated § 34-1-114.

III. Standard of Review

Our review of the trial court's judgment following a non-jury trial is *de novo* upon the record, with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d

291, 296 (Tenn. Ct. App. 2001)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *See Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 924 (Tenn.1998)); *see also In re Estate of Haskins,* 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). Questions of construction involving the Tennessee Rules of Civil Procedure are likewise reviewed *de novo* with no presumption of correctness. *See Green v. Moore,* 101 S.W.3d 415, 418 (Tenn. 2003). With respect to a motion to alter or amend, this Court has previously explained that "[w]e review a trial court's denial of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment for abuse of discretion." *Robinson v. Currey,* 153 S.W.3d 32, 38 (Tenn. Ct. App. 2004) (quoting *Chambliss v. Stohler,* 124 S.W.3d 116, 120 (Tenn. Ct. App. 2003)). Likewise, "[i]n general, we review a trial court's ruling on a request for relief from a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure ('Tennessee Rule 60.02') pursuant to the abuse of discretion standard." *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015).

However, concerning the standard of review for a request of relief from a void judgment pursuant to Tennessee Rule of Civil Procedure 60.02(3), our Supreme Court has explained in relevant part:

> [W]hen interpreting our own rules of civil procedure, we consult and are guided by the interpretation that has been applied to comparable federal rules of procedure. [*Thomas v. Oldfield*, 279 S.W.3d 259,] 261-62 [(Tenn. 2009)]; *see also Williamson Cnty. v. Twin Lawn Dev. Co.,* 498 S.W.2d 317, 320 (Tenn. 1973) ("[O]ur Rules having been taken from the Federal Rules of Civil Procedure, and the object of our virtual adoption of the federal rules being to have similar rules of procedure in state trial courts and federal district courts, it is proper that we look to the interpretation of the comparable Federal Rule.").
>
> Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Federal Rule 60(b)(4)") is comparable, indeed, identical to Tennessee Rule 60.02(3). Federal courts apply de novo review when considering a district court's ruling on a Federal Rule 60(b)(4) motion. *See Cent. Vermont Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 189 (2d Cir. 2003) ("Almost every Circuit has adopted de novo review of [Federal] Rule 60(b)(4) motions, and we know of no Circuit that defers to the district court on a [Federal] Rule

11

60(b)(4) ruling." (citing *Vinten v. Jeantot Marine Alliances, S.A.,* 191 F. Supp. 2d 642, 649-50 & nn. 12-13 (D.S.C. 2002) (collecting cases)); *Jackson v. FIE Corp.,* 302 F.3d 515, 522 (5th Cir. 2002) ("[W]e review Rule 60(b)(4) challenges [to a void judgment] de novo "because it is 'a per se abuse of discretion for a district court to deny a motion to vacate a void judgment.'" (quoting *Carter v. Fenner,* 136 F.3d 1000, 1005 (5th Cir. 1998)); *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001) (stating that de novo review applies to a federal district court's ruling on a motion for relief from a void judgment based on Rule 60(b)(4) of the Federal Rules of Civil Procedure "'because the question of the validity of a judgment is a legal one.'" (quoting *Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir. 1995))). We agree with the rationale of these decisions and will apply de novo review, with no presumption of correctness, when reviewing a trial court's ruling on a Tennessee Rule 60.02(3) motion to set aside a judgment as void. Any factual findings a trial court makes shall be reviewed de novo, with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

*Turner*, 473 S.W.3d at 268-69.

This Court reviews a trial court's award of attorney's fees according to an abuse of discretion standard. *See Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011); *see also Taylor v. Fezell,* 158 S.W.3d 352, 359 (Tenn. 2005) ("'The allowance of attorney's fees is largely in the discretion of the trial court, and the appellate court will not interfere except upon a clear showing of abuse of that discretion.'") (quoting *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995)). "[A] trial court will be found to have 'abused its discretion' only when it applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005) (internal citations omitted).

## IV. Finality of Orders Awarding Attorney's Fees

As a threshold jurisdictional question, we first address Conservator's issue regarding the finality of the orders awarding attorney's fees. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Conservator asserts that the trial court properly found the orders awarding the respective amounts of attorney's fees to be final orders, with each resolving a discrete issue despite the ongoing nature of the conservatorship. In contrast, Petitioners based their motion to set aside, vacate, and stay enforcement of the attorney's fee orders

in part on their assertion that pursuant to Tennessee Rule of Civil Procedure 54.02, the orders were not final orders because they did not resolve all of the issues in the case. Petitioners thereby argued, as they posit on appeal, that the orders were interlocutory and subject to revision by the trial court at any time prior to the end of the conservatorship. In denying Petitioners' motion, the trial court found, *inter alia*, that "each of the orders" the Petitioners sought to have set aside was a final order.[4]

Generally, an order that does not adjudicate all of the claims between all of the parties is "subject to revision at any time before entry of a final judgment" and is not appealable as of right. *See* Tenn. R. App. P. 3(a). *See also In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) ("A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'") (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). As Conservator in the instant action notes, however, this Court has recognized that when an intermediate order entered in a probate court proceeding resolves a discrete issue, the final judgment rule may be suspended. *See In re Estate of Goza*, No. W2013-02240-COA-R3-CV, 2014 WL 7246509, at *4 (Tenn. Ct. App. Dec. 19, 2014), *perm. app. denied* (Tenn. May 19, 2015) ("[W]e recognize the difficulty of applying the final judgment rule of Rule 3 to probate proceedings, which often contain multiple intermediate orders that are final with regard to certain discrete issues."). In *Goza*, this Court suspended the final judgment rule, pursuant to Tennessee Rule of Appellate Procedure 2, to review the trial court's judgment despite the fact that the trial court had not addressed pending issues regarding attorney's fees when it entered the order in question. *See id.* at *4-5.

Conservator relies in part on this Court's decision in *Conservatorship of Acree v. Acree*, No. M2011-02699-COA-R3-CV, 2012 WL 5873578, at *4-5 (Tenn. Ct. App. Nov. 20, 2012), *perm. app. denied* (Tenn. Mar. 20, 2013) (concluding that the trial court had properly treated the appellant's pleading as a Tennessee Rule of Civil Procedure 60 motion because the orders the appellant sought to amend "were indeed final orders, i.e., the orders appointing the permanent conservators and naming them substitute trustees, and the orders regarding attorneys' fees.") In *Acree*, this Court explained:

> To determine finality, the Court must look to whether the order is temporary and whether any review is pending in the Trial Court. This Court has previously ruled that an order appointing a conservator is final even though it is subject to modification by the Court pursuant to statute,

---

[4] The trial court's order denying Petitioners' motion to set aside does not distinguish between the three orders at issue wherein the court found that Conservator was entitled to attorney's fees and the three subsequent corresponding orders wherein the amounts of the fees were set. Inasmuch as the amount of the fee award was still pending in each instance prior to entry of the respective March 15, 2016 order, we will analyze finality solely as to the three March 15, 2016 orders.

because it is not temporary and no review is pending. *In re Estate of Rinehart,* 363 S.W.3d 186 (Tenn. Ct. App. 2011). The same review could be applied to orders awarding attorney's fees, or any other orders entered in a conservatorship case, which often spans many years. The Supreme Court has previously explained that orders construing a will, rejecting a will, or other such orders filed in an estate are final orders subject to appeal, as it would present "substantial burdens" on the courts and litigants to make such appeals await the closing of an estate, as distributed assets could be difficult to recover. *See In re Estate of Ridley,* 270 S.W.3d 37 (Tenn. 2008).

*Id.* at *4.

Petitioners argue that Conservator's reliance on *Acree* is misplaced because the appellant in *Acree* sought to challenge orders appointing a conservator, naming substitute trustees, and awarding attorney's fees stemming from those steps initiating the conservatorship. *See id.* at *5. Petitioners assert that because the orders from which they appeal were not derived from the appointment of the conservator or the division of costs and attorney's fees in the May 11, 2015 order approving the mediated settlement, this case is distinguishable from *Acree*. We disagree. Each of the March 15, 2016 orders awarding attorney's fees in this case resolved a specific claim concerning the release of information from the sealed court file. In each instance, the trial court had entered an order granting or denying the motion, the request for attorney's fees was the sole remaining claim arising from the motion, and the judgment for attorney's fees was not temporary. *See id.* at *4. Apart from Petitioners' motion to set aside the March 15, 2016 orders, filed more than six months after the orders had been entered, no review of the orders was pending in the trial court. *See id.*

Petitioners also argue that the attorney's fee orders resulting from Conservator's two emergency motions were not final because the contempt proceedings were still pending when Petitioners filed the instant appeal. They assert that Petitioners' alleged acts purportedly leading to Conservator's emergency motions, for which attorney's fees were awarded, are the same acts that formed the basis for Conservator's contempt allegations. Petitioners thereby insist that all of the claims included in Conservator's emergency motions had not been resolved when the trial court awarded attorney's fees related to the motions. However, neither of Conservator's emergency motions at issue presented a contempt claim. Apart from a request for attorney's fees related to each motion, in each instance, Conservator solely sought the court's permission to make a public statement countering public statements that had been made by Petitioners. Although in her emergency motion to release limited information to the *National Enquirer* and other media, Conservator sought to "reserve" the issue of whether Travis

14

Campbell had acted in contempt by allegedly offering a statement to the *National Enquirer*, the motion asserted no contempt claim. We determine that the claims in each of Conservator's emergency motions were resolved by the respective March 15, 2016 orders awarding the amounts of attorney's fees.

Petitioners have not directly addressed the paradoxical dilemma that if they were to succeed in their argument asserting lack of finality, this Court would have to dismiss their appeal due to lack of subject matter jurisdiction. *See Bayberry*, 783 S.W.2d at 559. However, Petitioners did, simultaneously with filing the notice of appeal, file a motion requesting that the trial court alter or amend the November 2016 order to certify it as final and therefore appealable. Averring that the November 2016 order did not satisfy the requirements of Tennessee Rule of Civil Procedure 54.02, Petitioners requested that the trial court amend the order to expressly state that (1) the order disposed of Petitioners' claims regarding the alleged unenforceability and lack of finality of the attorney's fees orders and (2) there was no just reason for delay in entry of the judgment. *See* Tenn. R. Civ. P. 54.02 (providing, *inter alia*, that when an action contains more than one claim for relief or involves multiple parties, the trial court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment"). In denying Petitioners' motion to alter or amend, the trial court determined that the motion was without merit because the November 2016 order "already provides that it is a final order, and the Court speaks only through its orders."

We note that in *Acree* and *Goza*, this Court did not recognize an absolute exception to the final judgment rule for orders resolving specific issues in probate proceedings. *See In re Estate of Goza*, 2014 WL 7246509, at *5; *In re Conservatorship of Acree*, 2012 WL 5873578, at *4 (explaining that review as final judgments "<u>could be applied</u> to orders awarding attorney's fees, or any other orders entered in a conservatorship case, which often spans many years") (emphasis added). However, having applied the finality analysis set forth in *Acree* specifically to the orders at issue in this conservatorship, we conclude that each of the March 15, 2016 orders awarding attorney's fees was a final order insofar as each resolved a discrete issue that was not pending before the trial court for further review. *See In re Conservatorship of Acree*, 2012 WL 5873578, at *4. It therefore follows that this Court has subject matter jurisdiction to review the trial court's order denying Petitioners' motion to set aside the attorney's fee orders as a final judgment. *See* Tenn. R. Civ. P. 60.02 ("A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation . . . .").

15

V. Timeliness of Petitioners' Motion to Set Aside, Vacate, and Stay Enforcement

Petitioners contend that the trial court erred by denying their motion to set aside, vacate and stay enforcement in part upon a finding that the motion was "not timely." The subject motion was filed on September 28, 2016, more than six months after the trial court entered the three orders setting the amounts for the judgments of attorney's fees on March 15, 2016. On appeal, Petitioners argue that, given the trial court's ultimate determination that the orders setting attorney's fees were final orders, the court should have treated Petitioners' motion to set aside as filed under Tennessee Rule of Civil Procedure 60.02(3), which provides for relief from a void final judgment, provided that the Rule 60.02(3) motion is filed "within a reasonable time." In response, Conservator asserts that the trial court correctly found Petitioners' motion to set aside to be untimely because the court properly treated the motion as a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend a judgment. *See* Tenn. R. Civ. P. 59.04 ("A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."). Upon careful consideration, we agree with Petitioners on this issue as it relates to the two fee awards stemming from Conservator's emergency motions.

At the outset, it is important to differentiate between the notice issue raised by Petitioners as to the awards of attorney's fees granted in relation to Conservator's two emergency motions and the award of attorney's fees granted in relation to Petitioners' February 10, 2016 "Emergency Motion to Unseal Entire File." Although the trial court's hearing on Petitioners' emergency motion was conducted upon only two days' notice, Conservator's counsel and Travis Campbell appeared during the corresponding hearing, and Conservator has not raised an issue regarding the notice provided by Petitioners. Clearly, Petitioners' notice issue applies solely to the awards of attorney's fees stemming from Conservator's emergency motions.

In its order denying the motion to set aside, the trial court did not specify under which rule of civil procedure it found the motion to be untimely. Petitioners stated in the introductory paragraph of the motion that they were seeking relief pursuant to Tennessee Rule of Civil Procedure 54.02, which provides that absent certification of finality by the trial court, a judgment will not be considered final if all claims for relief have not been adjudicated. In support of their motion, Petitioners argued in part that the orders awarding attorney's fees at issue were subject to modification because they were not final orders. Petitioners thus relied on Rule 54.02 in support of their finality argument. Petitioners also argued that the orders awarding attorney's fees for successful petitions initiated by Conservator were void for lack of notice, and they argued that all of the orders awarding attorney's fees at issue were unlawful because they were not based on a specific contractual or statutory provision. Apart from citations to Tennessee Rules of Civil Procedure 6.04 and 6.05 regarding, respectively, requirements for sufficient notice

16

and service by mail, Petitioners did not in their motion or supportive memorandum specify a rule of civil procedure other than Rule 54.02 under which they sought to have the orders at issue set aside and vacated.

In her response opposing Petitioners' motion to set aside, Conservator asserted in relevant part that the motion should be construed as a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment. Noting that Rule 59.04 requires that such a motion be filed within thirty days after entry of the order from which the party is seeking relief, Conservator asserted, as she does on appeal, that Petitioners' motion was untimely. In so arguing, Conservator incorrectly asserts that "Tennessee courts have most often construed a motion to set aside as a motion to reconsider." To the contrary, the Tennessee Rules of Civil Procedure do not authorize motions to reconsider a trial court order. *See Goetz v. Autin*, No. W2015-00063-COA-R3-CV, 2016 WL 537818, at *5 (Tenn. Ct. App. Feb. 10, 2016), *perm. app. denied* (Tenn. June 24, 2016) (citing *Harris v. Chern*, 33 S.W.3d 741, 743 (Tenn. 2000)). In *In re Estate of Ridley*, 270 S.W.3d 37, 41 (Tenn. 2008), relied upon by Conservator, our Supreme Court determined that the appellant had filed a "motion to set aside" in an effort to have the trial court "reconsider" (placed in quotes by the High Court) its denial of his prior "motion to alter or amend." Inasmuch as Petitioners in this action were requesting that the trial court set aside and vacate the orders awarding attorney's fees in their entirety and the trial court had ruled the orders to be final judgments, we determine that the trial court should have treated Petitioners' motion as one filed pursuant to Tennessee Rule of Civil Procedure 60.02.

Rule 60.02 provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

On appeal, Petitioners rely on Rule 60.02(3) to argue that the orders awarding attorney's fees resulting from Conservator's emergency motions were void due to insufficient notice. Conservator concedes that because adequate notice is a requirement

of due process, a judgment rendered against a party without adequate notice is void. *See Smith v. Potter*, No. M2011-01560-COA-R3-CV, 2012 WL 2159596, at \*3 (Tenn. Ct. App. June 13, 2012) ("[A]s a matter of law, an order resulting from a hearing is void due to insufficient notice.") (citing *Marshall v. Marshall*, M2009-02463-COA-R3-CV, 2010 WL 4670982, \*4 (Tenn. Ct. App. Nov. 16, 2010)).

Moreover, our Supreme Court has held that the "reasonable time" requirement of Rule 60.02 "does not abrogate the longstanding rule that void judgments may be attacked at any time." *Turner*, 473 S.W.3d at 279 ("The reasonable time filing requirement thus may not be applied to bar motions seeking relief from void judgments pursuant to Tennessee Rule 60.02(3).").[5] We therefore determine that to the extent that Petitioners' motion to set aside and vacate the attorney's fee orders was based on their argument that the judgments stemming from Conservator's emergency motions were void for lack of notice, the trial court abused its discretion in declining to treat Petitioners' motion as a Rule 60.02(3) motion and in dismissing it as untimely.

We note that Petitioners also raise an issue concerning whether a contractual or statutory basis existed for an award of attorney's fees in this action. In response, Conservator asserts that the fee awards were properly granted pursuant to Tennessee Code Annotated § 34-1-114 (2015). Given our determination that the trial court did not err in treating the attorney's fee judgments as final, Petitioners have failed to specify a rule of civil procedure pursuant to which they seek relief from a final judgment based on this issue. The only rule possibly applicable would be Rule 60.02(5), which is "a catch-all provision that permits courts to grant relief for 'any other reason justifying relief from the operation of the judgment.'" *See Davis v. Covenant Presbyterian Church*, No. M2015-02154-COA-R3-CV, 2016 WL 3356940, at \*3 (Tenn. Ct. App. June 9, 2016), *perm. app. denied* (Tenn. Sept. 23, 2016) (quoting Tenn. R. Civ. P. 60.02(5)). As this Court has explained:

> Rule 60.02(5) has been "narrowly construed by Tennessee's courts," and only applies "in the most extreme, unique, exceptional, or extraordinary cases." *Furlough* [*v. Spherion Atlantic Workforce, LLC,*] 397 S.W.3d [114,] 128 [(Tenn. 2013)] (citations omitted). As such, presenting evidence

---

[5] In *Turner*, our Supreme Court also delineated the following exceptional circumstances that should result in denial of relief from a void judgment: "'(1) [t]he party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and (2) [g]ranting the relief would impair another person's substantial interest of reliance on the judgment.'" *Turner*, 473 S.W.3d at 260 (quoting Restatement (Second) of Judgments § 66 (1982)). We do not find either exceptional circumstance present in this action.

sufficient to have an order set aside under Rule 60.02(5) is a difficult task. *Henderson* [*v. SAIA, Inc.*]*,* 318 S.W.3d [328,] 339 [(Tenn. 2010)].

*Id.* We will address the viability of Petitioners' argument for relief based on a purported lack of legal basis for the fee awards in a subsequent section of this Opinion.

## VI. Notice

Petitioners assert that their due process rights were violated when the trial court entered judgments granting attorney's fees against them based upon the two emergency motions filed by Conservator without sufficient notice of the initial hearings on the motions. In denying Petitioners' motion to set aside and vacate the judgments, the trial court found that "notice of the motions and hearings giving rise to the orders met due process requirements." As we have explained previously, Petitioners' notice argument applies only to the fees awarded upon Conservator's emergency motions. We also clarify that in each of the two judgments at issue, the first of the two orders in the set was the one wherein the trial court ruled that the attorney's fees and costs incurred by the conservatorship would be taxed to one or both of the Petitioners. In each instance, the second order, or the final judgment resolving the corresponding emergency motion, was the one in which the trial court determined the amount of attorney's fees to be awarded, $11,976.00 and $6,302.50 respectively. Petitioners have not raised an issue regarding the reasonableness of the fees awarded or the notice provided by Conservator's counsel's affidavits of time, each filed on March 2, 2016, two weeks prior to the trial court's entry of the final judgments on March 15, 2016, setting the award amounts. Therefore, the narrowed question before us on this issue is whether Petitioners were provided with adequate notice of the hearings on Conservator's emergency motions that resulted in the trial court's orders taxing one or both Petitioners with Conservator's attorney's fees and costs. Upon a thorough review of the record, we determine that they were not.

An individual's right to due process to protect a property right is secured through the Fourteenth Amendment to the United States Constitution. *See Bd. of Regents v. Roth,* 408 U.S. 564, 576-77 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."); *see also* Tenn. Const. art. 1, § 8; *see, e.g., McCarter v. McCarter*, No. E2015-00549-COA-R3-CV, 2016 WL 3209462, at *3 (Tenn. Ct. App. June 1, 2016) (analyzing the award of a $91,579.59 enhancement in attorney's fees taxed to the appellant as the appellant's property right in the enhanced amount). As this Court has explained:

19

"One of the bedrock principles of this nation's due process jurisprudence is the right to notice and an opportunity to be heard before an impartial trier-of-fact." *Karr. v. Gibson,* [No. 01A01-9605-CH-00220,] 1998 WL 57536, at *2 (Tenn. Ct. App. Feb. 13, 1998) (citing *United States v. James Daniel Good Real Prop.,* 510 U.S. 43 (1993), and *Phillips v. State Bd. of Regents,* 863 S.W.2d 45, 50 (Tenn. 1993)). Due process requires notice that is reasonably calculated, under all the circumstances, to inform a party of the pending action. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *McClellan v. Bd. of Regents,* 921 S.W.2d 684, 688 (Tenn. 1996).

*Smith v. Potter*, 2012 WL 2159596, at *2-3 (reversing the trial court's denial of the appellant's Rule 60.02(3) motion to void an order awarding attorney's fees when the appellee had failed to provide notice of the proposed award).

As to the first order at issue, Conservator filed her "Emergency Motion for Permission to Release Limited Information to Tennessee General Assembly" on February 1, 2016, including notice of a hearing scheduled for the next day. The attached certificate of service stated, *inter alia*, that a copy of the notice had been sent via United States mail and electronic mail to Petitioners. On the day set for the hearing, Petitioners filed their response via electronic mail, stating objections to the motion, requesting that the hearing be continued until they could be in Nashville the next week, and requesting an award of attorney's fees for defending the motion if it became "necessary" to retain counsel. The trial court conducted the hearing on the emergency motion on February 2, 2016, entering an order the same day. The court stated in the order that the matter was before it "upon the Emergency Motion for Permission to Release Limited Information to Tennessee General Assembly . . . ." The court did not mention in the order any consideration of Petitioners' response or their request in the response to continue the hearing. The February 2, 2016 order included the court's ruling that the attorney's fees and costs incurred in bringing the motion would be taxed to Petitioners.

As to the second order at issue, Conservator filed her "*Emergency* Motion for Permission to Release Limited Information to the National Enquirer and Other Media" on February 25, 2016, again including notice of a hearing scheduled the next day. The attached certificate of service stated, *inter alia*, that a copy of the notice had been sent via United States mail and electronic mail to Petitioners. On the day set for the hearing, Travis Campbell filed a response via electronic mail, denying substantive allegations against him contained in the motion, objecting to certain phrases within Conservator's proposed statement to the media, requesting that the trial court deny Conservator's request for attorney's fees in bringing the motion, and stating that it was "an impossibility" for him to appear before the court in person on that day. The trial court

conducted the hearing on this emergency motion on February 26, 2016, again entering an order the same day. The court stated in this order that the matter was before it "upon the Emergency Motion for Permission to Release Limited Information to the National Enquirer and other media . . . ." The court did not mention in the order any consideration of Travis Campbell's response. The February 26, 2016 order included the court's ruling that the attorney's fees and costs incurred in bringing the motion would be taxed to Travis Campbell.

It is undisputed that for each of Conservator's emergency motions at issue, the hearing was set one day following the petition's filing and that the only opportunity for Petitioners to be notified of each hearing prior to its taking place was the one-day notice provided via electronic mail. Conservator also sent copies of the notice for each hearing to Petitioners individually by United States mail, but these were not sent by any type of overnight or expedited mail. Neither petitioner resides in Tennessee, and at the time of the hearings on these motions, Petitioners were not represented by counsel.

In support of their argument, Petitioners rely in part on Tennessee Rule of Civil Procedure 6.04, which provides in relevant part:

> (1)    A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five (5) days before the time specified for the hearing, unless a specific period is fixed by these rules or by order of the court. Such an order may for cause shown be made an ex parte application.

Tennessee Rule of Civil Procedure 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

Petitioners thereby argue that their due process rights were violated when they received less than five days' notice of the emergency motions. Petitioners also argue that the three-day addition provided in Rule 6.05 should apply because notice of the motion hearings was sent via United States mail. Petitioners do not directly address the fact that notice of both emergency motion hearings was sent via electronic mail.

In response, Conservator asserts that it was within the trial court's authority to hear emergency motions on an expedited basis and that the one day's notice provided by electronic mail in each instance was sufficient. She argues that because Rule 6.04

21

excludes those motions that may be heard *ex parte*, the five-day rule did not apply to the emergency motions. She also argues that Petitioners' due process rights were not violated because they received actual notice of the hearings on the emergency motions via electronic mail, as evinced by their filing respective responses with the trial court on the days of each hearing.

We determine that Petitioners did not have an opportunity to be heard on the issue before us of whether attorney's fees and costs related to Conservator's emergency motions should have been awarded. Conservator correctly notes that in conservatorship cases, the probate court has inherent authority to act on an expedited basis to protect the best interest of the ward. *See AmSouth Bank v. Cunningham*, 253 S.W.3d 636, 643 (Tenn. Ct. App. 2006) ("The probate court has, and indeed must have, the inherent authority to act *sua sponte* or upon an *ex parte* application prior to holding an evidentiary hearing when in the court's discretion it deems it in the best interest of the ward for whom it is ultimately responsible."). However, the emergencies set forth by Conservator in these motions were related to the release of information in a timely fashion in order to counter, respectively, testimony that had been given before the General Assembly and media reports about to be promulgated. The fee awards were not emergencies.

Conservator is also correct, as far as the point goes, that Petitioners had enough actual notice of the emergency motions via electronic mail to submit responses to the trial court via electronic mail on the hearing dates. However, we determine this "actual notice" to have been wholly inadequate in that it failed to provide Petitioners with an opportunity to be heard during either hearing. The record does not indicate whether the trial court had Petitioners' responses before it when the court conducted the respective hearings, and the court gave no indication in its respective orders awarding attorney's fees that it had considered the responses submitted by Petitioners. Moreover, the date of each hearing, set one day following electronic notice, afforded the Petitioners, acting *pro se* at that time and residing out of state, no opportunity to appear before the trial court.

Having determined that Petitioners were denied due process in that they did not receive proper notice of Conservator's emergency motions and hearings, as required by the Tennessee Rules of Civil Procedure, we also determine that the corresponding orders awarding attorney's fees are void as a matter of law.[6] *See Smith v. Potter*, 2012 WL 2159596 at *3 ("[A]s a matter of law, an order resulting from a hearing is void due to insufficient notice."). Because the two March 15, 2016 orders awarding the amounts, respectively, of $11,976.00 and $6,302.50 in attorney's fees and costs were based on the

---

[6] In support of their argument, Petitioners also rely on the Local Rules of Practice for the Twentieth Judicial District of Tennessee. Inasmuch as the Tennessee Rules of Civil Procedure and principles of due process require that, as a matter of law, we find the fee awards arising from Conservator's emergency motions to be void, we decline to address the effect of the Local Rules of Practice.

void February 2, 2016 and February 26, 2016 orders taxing such fees and costs, we further determine the March 15, 2016 orders setting the amounts of fees arising from Conservator's emergency motions to be void. We therefore vacate the trial court's orders awarding attorney's fees and costs in the amounts of $11,976.00 and $6,302.50. We note that Petitioners have raised no issue regarding the validity of the portions of the trial court's February 2, 2016 and February 26, 2016 orders authorizing Conservator to release information and that any such issue would be waived. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

## VII. Statutory Basis for Awards of Attorney's Fees

Petitioners also assert that the trial court erred by awarding attorney's fees and costs to Conservator without a contractual or statutory basis for such awards. *See Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (noting that Tennessee adheres to the "American Rule" and explaining that "[u]nder the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case."). It is undisputed that the parties had no contractual agreement as to responsibility for attorney's fees and costs resulting from a dispute. Conservator argues, however, that the trial court had the authority to grant attorney's fees in the orders at issue based on Tennessee Code Annotated § 34-1-114(a), which provides:

a) The costs of the proceedings, which are the court costs, the guardian ad litem fee and expenses incurred by the guardian ad litem in conducting the required investigations, the required medical examination costs, and the attorney's fee for the petitioner, may, in the court's discretion, be charged against the property of the respondent to the extent the respondent's property exceeds the supplemental security income eligibility limit, or to the petitioner or any other party, or partially to any one or more of them as determined in the court's discretion. In exercising its discretion to charge some or all of the costs against the respondent's property, the fact a conservator is appointed or would have been appointed but for an event beyond the petitioner's control is to be given special consideration. The guardian ad litem fee and the attorney's fee for the petitioner shall be established by the court. If a fiduciary is cited for failure to file an inventory or accounting, the costs incurred in citing the fiduciary, in the discretion of the court, may be charged to and collected from the cited fiduciary.

23

Having concluded that the trial court's orders taxing attorney's fees and costs incurred as a result of Conservator's emergency motions are void for lack of adequate notice, we confine our analysis of the statutory basis for the trial court's awards to the orders arising from Petitioners' emergency motion. On February 10, 2016, Petitioners filed an "Emergency Motion to Unseal Entire File." Conservator filed a response objecting to Petitioners' emergency motion on February 11, 2016. The trial court conducted a hearing regarding Petitioners' emergency motion on February 12, 2016, with Conservator's counsel present. The court subsequently entered its order denying Petitioners' motion on March 4, 2016. In this order, the court awarded to Conservator "a judgment for costs and fees incurred by the conservatorship in defending against the instant motion . . . ." As Petitioners note, the court did not specify the statutory basis for the award of attorney's fees. On March 2, 2016, Conservator's counsel filed an affidavit of time, and in an order entered March 15, 2016, the court granted Conservator an award of reasonable attorney's fees and costs related to Petitioners' emergency motion in the amount of $4,391.00.

We agree with Conservator that Tennessee Code Annotated § 34-1-114(a) provides a statutory basis for the trial court's award of attorney's fees and costs resulting from Petitioners' emergency motion. *See* Tenn. Code Ann. § 34-1-114(a) (providing that attorney's fees incurred by the petitioner of the conservatorship during the conservatorship proceeding may be taxed "to any other party . . . in the court's discretion"); *see, e.g., Cline v. Plemmons*, No. E2002-02584-COA-R3-CV, 2004 WL 115144, at *3 (Tenn. Ct. App. Jan. 23, 2004) (discerning no abuse of discretion in the trial court's award of attorney's fees to one conservator and against the other in a split conservatorship when the evidence demonstrated that the majority of the fees were incurred due to the behavior of the conservator against whom the fees were assessed).

Moreover, we discern no basis for Petitioners' request for post-judgment relief as to the award of attorney's fees arising from their own emergency motion. Petitioners have not raised an issue as to the $4,391.00 award that would render either the order taxing fees and costs or the order setting the award void. *See* Tenn. R. Civ. P. 60.02(3). The remaining provision of Rule 60.02 under which Petitioners may have sought relief from a final judgment before the trial court after the expiration of the thirty-day appeal period, subsection (5), has been construed by Tennessee courts to apply only "'in the most extreme, unique, exceptional, or extraordinary cases.'" *See Davis*, 2016 WL 3356940, at *3 (quoting *Furlough*, 397 S.W.3d at 128). Even if we were to assume, *arguendo*, that Petitioners' substantive argument on this issue had merit, we do not find this instance to be such an extreme, unique, exceptional, or extraordinary case as to invoke Rule 60.02(5). We determine that the trial court did not abuse its discretion in declining to set aside and vacate the March 4, 2016 order taxing Petitioners with attorney's fees and costs incurred by Conservator in defending against Petitioners'

emergency motion or the March 15, 2016 order awarding $4,391.00 in attorney's fees and costs to Petitioners.

## VIII. Attorney's Fees on Appeal

Finally, Conservator requests an award of attorney's fees incurred on appeal pursuant to Tennessee Code Annotated § 34-1-114. In support of her position, Conservator relies on our Supreme Court's decision in *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 409-10 (Tenn. 2006), for the proposition that when a statutory provision provides for the award of attorney's fees to the prevailing party and does not specifically limit such an award to trial court proceedings, the prevailing party may also be entitled to recover attorney's fees on appeal. *See, e.g., Beacon4, LLC v. I & L Invs., LLC*, 514 S.W.3d 153, 211 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. Dec. 15, 2016) (applying *Killingsworth* to hold that as a matter of first impression, the Prompt Pay Act allows for an award of attorney's fees on appeal provided that certain statutory requirements are met). Considering Petitioners' success in appealing the awards of attorney's fees arising from Conservator's emergency motions in this action, we exercise our discretion to deny Conservator's request for attorney's fees on appeal. We therefore make no determination regarding the appropriateness of an award of attorney's fees on appeal based on Tennessee Code Annotated § 34-1-114.

## IX. Conclusion

For the reasons stated above, we vacate as void the trial court's February 2, 2016 and February 26, 2016 orders insofar as those orders tax attorney's fees and costs against Petitioners. We also vacate the trial court's corresponding March 15, 2016 orders awarding $11,976.00 and $6,302.50, respectively, in attorney's fees and costs to Conservator. We affirm the trial court's separate March 15, 2016 judgment awarding to Conservator $4,391.00 in attorney's fees and costs taxed against Petitioners. Conservator's request for an award of attorney's fees on appeal is denied. This case is remanded to the trial court for proceedings consistent with this opinion and collection of costs below. Costs on appeal are taxed one-half to the appellants, Deborah Campbell-Cloyd and William Travis Campbell, and one-half to the appellee, Kimberly Campbell.

_____
THOMAS R. FRIERSON, II, JUDGE

25